In the Matter of the Adoption of MELVIN C. BANFIELD, an Infant.

County Court, Steuben County, May 1, 1953.

*Riggs & Riggs* for June F. Moore, petitioner.

BRISCO, J.  The petitioner, June Frazer Moore, has petitioned this court asking that an order be made by this court abrogating that part of the adoption order and decree of this court made June 17, 1950, by abrogating the relationship of foster parent and child between Orville Frazer and the above-mentioned Melvin Charles Banfield, a minor under the age of fourteen years, and granting said petitioner sole custody and control of said minor, and further ordering that the petitioner be adjudged henceforth to be the sole foster parent of said child.

The petition sets forth that Orville Frazer and June W. Frazer (now June Frazer Moore) became the foster parents of said minor by a decree of this court on June 17, 1950. It further appears therefrom that said Orville Frazer became a resident of the State of Pennsylvania and obtained a decree of divorce from the petitioner, June W. Frazer. An examination of the decree of divorce discloses that on March 23, 1953, in a court of competent jurisdiction, Orville W. Frazer was divorced from June W. Frazer and that all the duties, rights and claims accruing to either of the said parties at any time theretofore in pursuance of said marriage ceased, and that the said parties were at liberty to marry again in like manner as if they had never been married.  Nothing relating to the custody of the children was recited or mentioned in the said decree of divorce.

It further appears, however, in the petition that June W. Frazer remarried on April 4, 1953; that the said infant has been in her custody at all times since the above-mentioned order and decree of June 17, 1950.  It further appears from the petition that said Orville Frazer has agreed to the proposed abrogation and has entered into a written stipulation to that effect

through the attorneys who represent him and the attorneys who represent the petitioner.

This court points out that there are no facts in the petition relating to the original adoption proceeding, such as the names of the natural parents or of the institution, if said infant were adopted from an institution.

Adoptions and the abrogation thereof, being statutory, can only be approved if statutory authority therefor can be found.

Authority for abrogations of adoptions is found in sections 116, 117 and 118 of the Domestic Relations Law. There is no provision therein for partial abrogation or modification of an original adoption order by the deletion of a foster parent.

The prayer for relief in the petition is, therefore, denied, without prejudice to the petitioner to submit a petition in accordance with the above-outlined recommendations.